d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| FIFTH LOUISIANA LEVEE DISTRICT | CIVIL ACTION 3:16-CV-01786 |
| VERSUS | JUDGE JAMES |
| RICKY L. BROWN | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Plaintiff, the Fifth Louisiana Levee District (the "Levee District") (Doc. 2). Plaintiff Ricky L. Brown ("Brown") does not oppose this Motion. Because the Levee District's claims present neither a question of federal law nor a dispute between citizens of different states, the Motion to Remand should be granted.

I. Background

In a separate action pending before this Court (hereinafter, the "Brown lawsuit"), Brown asserted various claims against the Levee District and other defendants. (See Brown v. Fifth Louisiana Levee District, et al., Docket No. 3:12-cv-00289). Brown's claims relate to his attempts to obtain permits from the Levee District to develop a subdivision on a tract of land Brown owns in Tensas Parish, Louisiana. Brown's land is a riparian area burdened by a legal public servitude in favor of the State of Louisiana, managed by the Levee District. On August 1, 2017, the undersigned recommended dismissal of the remaining claims in the Brown lawsuit.

1

According to the Levee District, during the pendency of the Brown lawsuit, Brown buried water lines across the Levee District servitude. Therefore, the Levee District filed this lawsuit in the Sixth Judicial District Court in Tensas Parish. The Levee District seeks injunctive relief and damages allegedly incurred when Brown had the water lines buried.

Brown improperly filed a Notice of Removal of this lawsuit in the Brown lawsuit. Brown contended this lawsuit is a "related action" to the Brown lawsuit. The Notice of Removal was extracted from the Brown lawsuit, and a new case was opened, as captioned above.

Meanwhile, the Levee District had filed a timely Motion to Remand this lawsuit while it was still pending as part of the Brown Lawsuit. The Levee District's Motion to Remand was also transferred to the above-captioned case. (Doc. 2). The Levee District maintains this Court lacks subject matter jurisdiction over this case. Brown presumably agrees, as he filed a "Consent to Remand" (Doc. 17).

II. <u>Law and Analysis</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. <u>See</u> <u>Scarlott v. Nissan N. Am., Inc.</u>, 771 F.3d 883, 887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. <u>See</u> 28 U.S.C. § 1332(a). The removing party bears the burden of establishing

diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

Although it is not entirely clear, Brown's Notice of Removal appears to assert two bases of jurisdiction. First, Brown claims that the Levee District "committed an unlawful administrative taking" of his property, and that the Levee District's claims against Brown are related to Brown's "administrative taking" claims. (See Doc. 1, p. 4). Brown seems to suggest that the presence of federal question jurisdiction in the Brown lawsuit may provide a jurisdictional basis for removal in this lawsuit. To the extent that is Brown's argument, it is plainly without merit. Even if there is a tenuous relationship between the Levee District's claims in this lawsuit and Brown's claims in the Brown lawsuit, that relationship does not, and may not, "impute" a federal question here. Otherwise, it is undisputed that the Levee District's claims in this lawsuit do not raise a question of federal law. If Brown intends to use some element of the Brown lawsuit as an affirmative defense in this lawsuit, affirmative defenses likewise do not confer federal question jurisdiction. See McKnight v. Dresser, Inc., 676 F.3d 426, 430 (5th Cir. 2012) ("[I]f a complaint pleads only state law claims, a federal court generally does not have jurisdiction over that complaint, even if the defendant asserts preemption as an affirmative defense.").

Second, Brown argues that the United States Army Corps of Engineers (the "Corps") is a "necessary party" to this lawsuit. Brown fails to cite 28 U.S.C. § 1442(a)(1), which permits removal of civil claims against "[t]he United States or any

3

agency thereof." However, Brown also fails to establish why the Corps would be a "necessary party" to this lawsuit. The Corps was previously dismissed as a defendant in the Brown lawsuit. Brown claims the Corps "conducts the substantive review of permit applications." Even if true, that function does not make the Corps a "necessary party" to this lawsuit. Again, the Levee District's claims relate to Brown's alleged decision to bury water lines over a Levee District servitude without authorization.

Moreover, as this Court has previously ruled, both Brown and the Levee District are citizens of Louisiana for purposes of 28 U.S.C. § 1332. <u>Vogt v. Board of Commissioners of Orleans Levee District</u>, 294 F. 3d 684, 692 (5th Cir. 2002); <u>Haas v. Board of Commissioners of Red River, Atchafalaya & Bayou Boeuf Levee District</u>, 206 La. 378, 383, 19 So. 2d 173, 174 (1944); (<u>See</u> Docket No. 3:12-cv-00289, Doc. No. 44, pp. 5-6). Brown neither invokes nor possesses diversity jurisdiction as a basis for removal.

### III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Defendants' unopposed motion to remand (Doc. 2) be GRANTED and this case be REMANDED to the Louisiana Sixth Judicial District Court in Tensas Parish.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge