# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **FIFTH LOUISIANA LEVEE DISTRICT** | **CIVIL ACTION NO. 16-1786** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **RICKY L. BROWN** | **MAG. JUDGE PEREZ-MONTES** |

## RULING

Pending before the Court is a Motion for Order of Remand [Doc. No. 2] filed by Plaintiff Fifth Louisiana Levee District. On August 11, 2017, Magistrate Judge Perez-Montes issued a Report and Recommendation [Doc. No. 18] in which he recommends granting Plaintiff's motion and remanding the case to the Sixth Judicial District Court, Tensas Parish, Louisiana. Defendant did not object to the Report and Recommendation. Finding that the Magistrate Judge's recommendations are correct under the applicable law, the Court ADOPTS the Report and Recommendation.

The Magistrate Judge, however, did not explicitly address Plaintiff's associated request for costs and attorneys' fees as a result of Defendant's alleged improvident removal.[1] [*See* Doc. No. 2-2, p. 5]. Plaintiff argues: "whatever basis [Defendant] may have had for seeking removal became objectively unreasonable when the Levee District's counsel explained the law regarding the jurisdiction of the federal court in an action such as this in the Levee District's Motion to Dismiss. The [Defendant's] refusal to accept the jurisprudence makes the filing of the notice of removal unreasonable . . . . " *Id.* at 6. Plaintiff refers to a related action, *Ricky Brown v. Fifth Louisiana Levee District, et al.*, Docket No. 3:12-cv-00289, in which it moved to dismiss Brown's claims due

---

[1] Plaintiff did not request costs and attorneys' fees in its Motion; rather, Plaintiff included the request in its Memorandum in Support.

to lack of subject matter jurisdiction.

An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141 (2005).

Here, Plaintiff essentially contends that removal was objectively unreasonable because it explained federal subject matter jurisdiction law to Defendant in a memorandum filed in a related action. However, there is no indication that Defendant read that memorandum prior to removing this action, considering that Plaintiff filed the memorandum only three days before Defendant filed his notice of removal. In addition, as the claims in the related action are distinct from the claims in this action, Plaintiff's memorandum in the related action did not necessarily "explain" to Defendant why removal was improper in this case.

Moreover, following Defendant's Notice of Removal and Plaintiff's Motion for Remand, Defendant retained new counsel.[2] [Doc. No. 11]. Thereafter, Defendant's new counsel consented to remand. [Doc. No. 17]. Under the circumstances, the Court cannot conclude that Defendant's removal was objectively unreasonable.

Accordingly, Plaintiff's request for costs and attorneys' fees is DENIED.

---

[2] Defendant's former counsel was suspended from the practice of law. [Doc. No. 8].

Monroe, Louisiana, this 7th day of September, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE